of maintenance. It was then and is still our opinion that the views expressed in the case cited are in harmony with prevailing opinion, which discloses a manifest relaxation of the rigor of the common law in applying the doctrine of champerty and maintenance to modern forms of business.

6. It is urged that it was error to instruct the jury that plaintiff would be entitled to statutory interest on amounts found to be due from the time they became due under the terms of the policy. The instruction was proper, as the facts bring the case within section 2, ch. 74, Hurd's Rev. St. Each policy was "an instrument in writing" on which money became due. The money or premium became due on each policy when it expired. Defendant recognized that fact by then charging itself therewith on its books. The fact that a controversy subsequently arose as to the correct amounts of the premiums does not affect the right to interest thereon, inasmuch as plaintiff's contracts were performed and accepted and the amount due on each policy was easily calculable at the time it expired and stands finally liquidated and ascertained as of that date. (*Bauer v. Hindley*, 222 Ill. 319; *Elgin, J. & E. Ry. Co. v. Northwestern Nat. Bank of Chicago*, 165 Ill. App. 35, and cases cited therein.)

Finding no reversible error, we affirm the judgment.

*Affirmed.*

---

Albert Wacholz, Appellant, v. Homewood Press et al., Appellees.

Gen. No. 20,879. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed December 21, 1915.

### Statement of the Case.

Action by Albert Wacholz, plaintiff, against the Homewood Press, a corporation, and George H. Cotter, trading as Cotter Teaming Company, defendants, in the Circuit Court of Cook county, to recover for personal injuries sustained while employed by defendant Cotter. From a judgment for defendants, plaintiff appeals.

It appeared that plaintiff was working near a shipping platform on which were boxes containing paper, and the charges mainly relied on were (1) that a wagon belonging to the defendant Cotter was negligently backed up to the platform against one of the boxes causing one to fall on plaintiff and injure him; and (2) that his foreman had ordered him to assist in removing the boxes against his protest that there was danger under the circumstances in so doing.

LITZINGER, McGURN & REID, for appellant.

HENRY B. BALE, ROSE, SYMMES, & KIRKLAND and CHARLES F. VOGEL, for appellees.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 471*—*when objection to cross-examination insufficient to preserve ground for review.* A general objection to a cross-examination not made on the specific ground that the cross-examination objected to was improper will not preserve the point urged for review.

2. MASTER AND SERVANT, § 699*—*when evidence to sustain finding of contributory negligence.* In an action by a servant against the master to recover for personal injuries sustained while unloading boxes from a wagon, a verdict finding plaintiff guilty of contributory negligence *held* not manifestly against the weight of the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.